UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Donna Andrews and Grant Andrews, | |
| Plaintiff(s), | Civil Action No. |
| – against– | |
| Bank of America, National Association and Trans Union, LLC, | COMPLAINT |
| Defendant(s). | |

## COMPLAINT

Plaintiffs, Donna Andrews and Grant Andrews (hereinafter "Plaintiffs"), by and through their attorneys, the Law Offices of Robert S. Gitmeid & Associates, PLLC, by way of Complaint against Defendants, Bank of America, National Association ("Bank of America") and Trans Union, LLC ("Trans Union") alleges as follows:

## INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. (the "FCRA") and other claims related to unlawful credit reporting practices. The FCRA prohibits furnishers of credit information from falsely and inaccurately reporting consumers' credit information to credit reporting agencies.

## PARTIES

2. Plaintiffs, Donna and Grant Andrews, are adult citizens of Ohio.

1

3. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c) of the FCRA.

4. Defendant Bank of America is a business entity that furnishes consumer credit information to consumer reporting agencies.

5. Defendant Trans Union is a limited liability company that engages in the business of maintaining and reporting consumer credit information.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because the rights and obligations of the parties in this action arise out of 15 U.S.C. § 1681 and 15 U.S.C. § 1681p, which provides that an action to enforce any liability created under 15 U.S.C. § 1681 may be brought in any appropriate United States District Court, without regard to the amount in controversy.

7. Venue in this district is proper pursuant to 28 U.S.C. § 1391 (b)(2) because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in Ohio where the Plaintiffs reside.

## FACTUAL ALLEGATIONS

8. Defendant Bank of America issued a credit card account ending in 6195 to Plaintiffs. The account was routinely reported on Plaintiffs' consumer credit report.

9. The consumer report at issue is a written communication of information concerning Plaintiffs' credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or for the purpose of serving as a factor in establishing the consumers'

eligibility for credit to be used primarily for personal, family, or household purposes as defined by 15 U.S.C. § 1681a(d)(1) of the FCRA.

10. On or about October 21, 2019, Plaintiffs and Bank of America entered into a settlement agreement for the above referenced account. A copy of the settlement agreement is attached hereto as <u>Exhibit A</u>.

11. Pursuant to the terms of the settlement, Plaintiffs were required to make two (2) payments totaling $2,921.00 to settle and close their Bank of America account.

12. Plaintiffs, via their debt settlement representative, timely made the requisite settlement payments. Proofs of these payments are attached hereto as <u>Exhibit B.</u>

13. However, over a year later, Plaintiffs' Bank of America account continued to be negatively reported.

14. In particular, on a requested credit report dated December 16, 2020, Plaintiffs' Bank of America account was reported with a status of "CHARGE OFF," a balance of $2,388.00, and a past due balance of $2,388.00. The relevant portion of Plaintiffs' credit report is attached hereto as <u>Exhibit C</u>.

15. This tradeline was inaccurately reported. As evidenced by the settlement agreement and proofs of payments, the account was settled for less than the full balance and must be reported as settled with a balance of $0.00.

16. On or about December 29, 2020, Plaintiffs, via their attorney at the time, notified credit reporting agencies directly of a dispute with completeness and/or accuracy of the reporting of Plaintiffs' Bank of America account. A copy of this letter is attached hereto as <u>Exhibit D</u>.

17. Therefore, Plaintiffs disputed the accuracy of the derogatory information reported by Bank of America to credit reporting agencies via certified mail in accordance with 15 U.S.C. § 1681i of the FCRA.

18. In March of 2021, Plaintiffs requested updated credit reports for review. The tradeline for Plaintiffs' Bank of America account remained inaccurate, as Defendants failed to correct the inaccuracy. The relevant portion of the March 2021 credit report is attached hereto as <u>Exhibit E</u>.

19. Trans Union did not notify Bank of America of the dispute by Plaintiffs in accordance with the FCRA, or alternatively, did notify Bank of America and Bank of America failed to properly investigate and delete the tradeline or properly update the tradeline on Plaintiffs' credit reports.

20. If Bank of America had performed a reasonable investigation of Plaintiffs' dispute, Plaintiffs' Bank of America account would have been updated to reflect a "settled" status with a balance of $0.00.

21. Despite the fact that Bank of America has promised through its subscriber agreements or contracts to accurately update accounts, Bank of America has nonetheless willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, which has resulted in the intended consequences of this information remaining on Plaintiffs' credit reports.

22. Defendants failed to properly maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit information and Plaintiffs' credit reports, concerning the account in question,

thus violating the FCRA. These violations occurred before, during, and after the dispute process began with Trans Union.

23. At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendants herein.

24. At all times pertinent hereto, the conduct of Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiffs herein.

## **CLAIM FOR RELIEF**

25. Plaintiffs reassert and incorporate herein by reference all facts and allegations set forth above.

26. Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(f).

27. Bank of America is an entity that, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

28. Bank of America is reporting inaccurate credit information concerning Plaintiffs to one or more credit bureaus as defined by 15 U.S.C. § 1681a of the FCRA.

29. Plaintiffs notified Defendants directly of a dispute on the account's completeness and/or accuracy, as reported.

30. Bank of America failed to complete an investigation of Plaintiffs' written dispute and provide the results of an investigation to Plaintiffs and the credit bureaus within the 30-day statutory period as required by 15 U.S.C. § 1681s-2(b).

31. Bank of America failed to promptly modify the inaccurate information on Plaintiffs' credit reports in violation of 15 U.S.C. § 1681s-2(b).

32. Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiffs' disputes.

33. Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiffs' credit reports, concerning the account in question, violating 15 U.S.C. § 1681e(b).

34. As a result of the above violations of the FCRA, Plaintiffs suffered actual damages in one or more of the following categories: lower credit score, denial of credit, embarrassment and emotional distress caused by the inability to obtain financing for everyday expenses, rejection of credit card application, higher interest rates on loan offers that would otherwise be affordable and other damages that may be ascertained at a later date.

35. As a result of the above violations of the FCRA, Trans Union is liable to Plaintiffs for actual damages, punitive damages, statutory damages, attorney's fees and costs.

**WHEREFORE**, Plaintiffs demand that judgment be entered against Defendants as follows:

1. That judgment be entered against Defendants for actual damages pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o;

2. That judgment be entered against Defendants for punitive damages pursuant to 15 U.S.C. § 1681n;

3. That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1681n or alternatively, 15 U.S.C. § 1681o; and

4. That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demands trial by jury in this action of all issues so triable.

Respectfully Submitted,

**Law Offices of Robert S. Gitmeid & Associates, PLLC**

By: /s/ Thomas G. Widman
Thomas G. Widman, Esq. (Bar No. 0059259)
30 Wall Street, 8th Floor #741
New York, NY 10005
Tel: (866) 249-1137
E-mail: thomas.w@gitmeidlaw.com
*Attorneys for Plaintiffs*